[Civ. No. 30402. First Dist., Div. Three. Aug. 11, 1972.]

HERBERT W. RITTER et al., Plaintiffs and Appellants, v.
TECHNICOLOR CORPORATION, Defendant and Respondent.

COUNSEL

Joseph W. Cotchett and Charles A. Dyer for Plaintiffs and Appellants.

Herzstein, Maier & Lippett, Robert T. Anderson and Paul C. Maier for Defendant and Respondent.

OPINION

**DRAPER, P. J.**—By California statute, release of an agent before trial does not discharge his principal from tort liability, even though the sole basis alleged for recovery from the principal is his vicarious liability for the acts of his agent.

Plaintiffs' complaint alleges that defendants Filmland Corp. and two individuals who dominated it made knowingly false representations to plaintiffs to induce them to enter into contracts with Filmland for distribution of films to be made or processed by co-defendants Technicolor Corporation and Eastman Kodak Company. Filmland and the individuals are alleged to have been the agents of Technicolor and Eastman. After the action was filed, and before any trial, plaintiffs filed a document headed "dismissal with prejudice as to defendants Filmland Corp., Thomas Laber and Joseph Boughlosky only." It recited: "The above-entitled action has been fully and finally settled and compromised and is hereby dismissed with prejudice as to defendants Filmland Corp., . . . Boughlosky and . . . Laber only, said dismissal to operate as a retraxit." Defendant principals moved to dismiss the action as to them and the motion was granted. Plaintiffs appealed. Judgment of dismissal was then entered. Although the notice of appeal was premature, we find good cause to treat it as filed immediately after entry of judgment (Cal. Rules of Court, rule 2(c)). The appeal has been dismissed as to Eastman, and is before us only as to Technicolor.

In 1957, a statute entitled "Releases From and Contribution Among Joint Tortfeasors" was adopted (Stats. 1957, ch. 1700, p. 3076). It added six sections to the Code of Civil Procedure (§§ 875-880). Section 877 reads: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—(a) It shall not discharge any other such tortfeasor from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or

the covenant, or in the amount of the consideration paid for it whichever is the greater; . . ."

The release here given to the agents does not, by its terms, release other defendants. On the contrary, it specifically provides that it shall apply "only" to the named agents. Hence, on a literal reading of the section, neither alleged principal is discharged.

Respondents, however, say that the legislative intent was to eliminate the common law rule requiring discharge only as to true joint tortfeasors, and not to principals charged solely under the rule of *respondeat superior.* Of course, when a principal is liable for acts of his agent performed without express instruction or ratification by the principal, he and the agent are not truly joint tortfeasors. Rather, the agent's liability is primary, and that of the principal, who committed no moral wrong, is but secondary. (See 2 Cal.Jur.2d, Agency, § 151, p. 844.) Although no case at common law has held that the principal's liability survives release of the agent in such case (92 A.L.R.2d 533, 540), it is true that some of the decisions contain unquestioning reference to the rule governing "joint tortfeasors" (*id.* pp. 533, 539). But this dissection of the common law rule, although possibly of academic interest, is of no aid in construction of section 877.

That section does not use the term "joint tortfeasors." Rather, it applies expressly to a release given to "one or more of a number of tortfeasors claimed to be liable for the same tort." More important, other provisions of the same act (Stats. 1957, ch. 1700) clearly make the act as a whole applicable to principals whose liability is but vicarious. Six sections were added to the code by this single act, thus the whole may be referred to in construction of a section. Section 875, subdivision (a) provides for contribution where "a money judgment has been rendered jointly against two or more defendants in a tort action . . . ." Section 876, specifying the manner of computing such contribution, provides (subd. (b)) that "[w]here one or more persons are held liable solely for the tort of one of them or of another, as in the case of the liability of a master for the tort of his servant, they shall contribute a single pro rata share, . . ." We find inescapable the conclusion that under section 877, the liability of a principal for the tortious acts of his agent, even though wholly vicarious, survives release of the agent.

We recognize the difficulties to be confronted at trial by a plaintiff who seeks to recover from the principal although he has "fully and finally settled and compromised" the action as to the agents who are the only alleged

wrongdoers. But we cannot ignore the clear legislative intent. We note, too, the anomaly that the "release" of the agents may well be illusory as to them. The release of one tortfeasor "shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors" (§ 877, subd. (b)). But the act "shall not impair any right of indemnity under existing law, and where one tortfeasor judgment debtor is entitled to indemnity from another there shall be no right of contribution between them" (§ 875, subd. (f)), and as to the master-servant situation, the right of indemnity is specifically reserved (§ 876, subd. (b)). Thus if plaintiffs surmount their difficulties and obtain a judgment against Technicolor, that defendant will have an action over for indemnity as against the agents who have "fully settled and compromised" the action with plaintiffs. In light of the clear legislative expression, however, we must assume that this contingency was foreseen, and that this result was felt desirable.

We have not considered appellants' somewhat belated assertion of a right under their cause of action for recovery as third party beneficiaries of an alleged contract between Technicolor and the agents. However, reversal of the judgment of dismissal will permit presentation to the trial court of whatever merit this assertion may have.

Judgment reversed, and case remanded.

Brown (H. C.), J., and Caldecott, J., concurred.