[Civ. No. 12368. Fourth Dist., Div. Two. Aug. 6, 1973.]

SUSAN M. CARR, Plaintiff and Respondent, v.
MARY A. COVE, Defendant and Appellant.

**COUNSEL**

Spray, Gould & Bowers, Daniel O. Howard and William Lowe for Defendant and Appellant.

Thomas T. Anderson for Plaintiff and Respondent.

**OPINION**

**KERRIGAN, Acting P. J.**—On October 10, 1966, plaintiff sustained personal injuries in an automobile collision. Two months later—on December 18, 1966—she was injured in a second accident. In May 1967, she filed a single action against both drivers, to wit, Milton J. Felsen (accident No. 1) and Mary A. Cove (accident No. 2).

In May 1971, she settled her claim for injuries sustained in the first accident with Felsen in the sum of $50,000 and executed a covenant in his

favor. In January 1972, her action against Cove came on for trial. Defense counsel made a motion outside the jury's presence that the $50,000 settlement be set-off against any verdict the jury might return in plaintiff's favor. The motion was denied. The jury returned a verdict of $35,000 in favor of plaintiff. Cove's motion for a new trial was denied and she appeals from the $35,000 judgment.

The sole issue on appeal[1] is whether the trial court erred in refusing to set-off the $50,000 settlement realized from accident No. 1 against the $35,000 verdict returned in connection with accident No. 2.

In urging that the trial court erred in refusing to grant a *pro tanto* reduction of the verdict by the amount of the settlement, Cove relies on one section of California's tort contribution statute (Code Civ. Proc., § 877) as well as case law. An analysis of the statute and the decisions is therefore in order.

In 1957, sections 875-879 of the Code of Civil Procedure were adopted, governing the release of joint tortfeasors and providing for contribution amongst them. Sections 875 and 876 provide for contribution among joint tortfeasors in situations where the claimant obtains a *judgment* against two or more of them (post-judgment contribution). Section 877 generally covers those instances where the claimant *settles* with one or more joint tortfeasors, executes a release or covenant in their favor, and desires to proceed against the remaining tortfeasors (pre-judgment settlements).

At common law, the general rule was that one joint tortfeasor could not seek contribution from another. Also under common law, the release of one joint tortfeasor had the effect of releasing all. The main purpose for the enactment of California's contribution legislation was to provide for the equitable sharing of costs among the parties at fault and to encourage out-of-court settlements. (*River Garden Farms, Inc.* v. *Superior Court,* 26 Cal.App.3d 986 [103 Cal.Rptr. 498]; *Atchison, T. & S. F. Ry. Co.* v. *Lan Franco,* 267 Cal.App.2d 881, 885 [73 Cal.Rptr. 660]; *Guy F. Atkin-*

---

[1] Although appellant (Cove) also maintains that evidence of the $50,000 settlement should have been admitted for the jury's consideration on the damages issue (as distinguished from the liability issue) (see Evid. Code, § 1152; *Zelayeta* v. *Pacific Greyhound Lines,* 104 Cal.App.2d 716, 729 [232 P.2d 572]) and for impeachment purposes (to attack plaintiff's credibility on the damage issue) (see Code Civ. Proc., § 379, subd. (c); *Landau* v. *Salam,* 4 Cal.3d 901, 905-906 [96 Cal.Rptr. 46, 484 P.2d 1390]), we need not consider the argument inasmuch as no attempt was made to introduce the settlement (covenant) in evidence. To the contrary, when the matter was discussed in chambers, it was agreed by both counsel that no allusion to the settlement would be made in the jury's presence.

*son Co.* v. *Consani,* 223 Cal.App.2d 342 [35 Cal.Rptr. 750]; Comment, *Joint Tortfeasors,* 9 Hastings L.J. 180, 185.)

Section 877, upon which Cove relies, provides as follows: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable *for the same tort*—(a) It shall not discharge any other such tortfeasor from liability unless its terms so provide, *but it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it* whichever is the greater; and (b) It shall discharge the tortfeasor to whom it is given from all liability for any contribution to any other tortfeasors." (Italics added.)

The *pro tanto* reduction provision works to prevent settlements from producing double recoveries in the case of a *single* injury caused by joint tortfeasors. The general theory of compensatory damages bars double recovery for *the same wrong.* The principal situation is where joint or concurrent tortfeasors are jointly and severally liable for *the same wrong.* Only one complete satisfaction is permissible, and, if partial satisfaction is received from one, the liability of others will be correspondingly reduced. (2 Witkin, Summary of Cal. Law (7th ed. 1960) Torts, § 390, p. 1595.)

Notwithstanding the plain language of the statute to the effect that the *pro tanto* reduction provision applies only to settlements arising out of the *same tort,* Cove nevertheless contends section 877 has not been limited solely to settlements involving joint tortfeasors. But no case has been presented, nor has any been found, in which section 877 has been applied to tortfeasors involved in *separate* torts. The reason appears obvious: Ordinarily, no danger of a double recovery exists where separate tortfeasors cause separate injuries.

Nor do the cases support Cove's argument:

*Herrero* v. *Atkinson,* 227 Cal.App.2d 69 [38 Cal.Rptr. 490, 8 A.L.R.3d 629], presented an original tortfeasor and a negligent treating physician, but the issue raised was indemnification where the rules are much different than those involving contribution (see *Atchison, T. & S. F. Ry. Co.* v. *Lan Franco, supra,* 267 Cal.App.2d 881, 886.)

*Ritter* v. *Technicolor Corp.,* 27 Cal.App.3d 152 [103 Cal.Rptr. 686], merely held that the liability of a principal for the tortious acts of his agent, even though wholly vicarious, survives the release of the agent.

*River Garden Farms, Inc.* v. *Superior Court, supra,* 26 Cal.App.3d 986, involved a number of tortfeasors involved in the same fire, and held that a nonsettling tortfeasor could challenge the validity of releases signed by other tortfeasors on the ground of their purported good faith.

In *Ash* v. *Mortensen,* 24 Cal.2d 654 [150 P.2d 876], an action was brought against the original tortfeasor for personal injuries; this case was settled; a separate malpractice action was filed against plaintiff's treating physician; the doctor claimed plaintiff had been fully compensated by way of the settlement with the first tortfeasor; in rejecting the argument, the Supreme Court noted that because of the rules regarding proximate cause, both the original tortfeasor and the successive tortfeasor were liable for injuries resulting from malpractice in the treatment of the original injury; the court held that a release of the original tortfeasor did not release the physician as well (thus accomplishing the result which the Legislature later wrote into section 877), and that the doctor was released only if the plaintiff had been fully compensated for her injuries.

Cove claims to find support for her claim of a *pro tanto* reduction of the judgment in other cases. However, each of the authorities cited by her involved *overlapping liability for the same injury.*

*Hanley* v. *Lund,* 218 Cal.App.2d 633 [32 Cal.Rptr. 733], concerned an attorney and a newspaper involved in the same libel, and held that instructing the jury to reduce any verdict against the attorney by the amount of the settlement with the newspaper did not prejudice the attorney by implying to the jury that their verdict must necessarily exceed the $1,500 settlement with the newspaper.

*Laurenzi* v. *Vranizan,* 25 Cal.2d 806 [155 P.2d 633], preceded the adoption of section 877, and held that where a pedestrian sued a property owner, the city, and others for keeping a sidewalk in disrepair, the *pro tanto* reduction was appropriate where the release of one defendant for consideration could be construed as a covenant not to sue.

Therefore, the latter two cases are not applicable here since each involved a *single* injury and a *single* tort.

*Finnegan* v. *Royal Realty Co.,* 35 Cal.2d 409 [218 P.2d 17] (which likewise preceded the adoption of section 877) held that the jury had been properly instructed and therefore could apportion the *single* injury among several parties alleged to be responsible for the *same* fire. While *Finnegan* is not directly applicable here since it deals with a single tort, it is cited by Cove for its use of the following language on the subject of indivisible

injuries: "Where several persons act in concert and damages result from their joint tort, each person is held for the entire damages unless segregation as to causation can be established. Even though persons are not acting in concert, if the result produced by their acts are indivisible, each person is held liable for the whole. . . . [See *infra.*] The reason for imposing liability on each for the entire consequence is that there exists no basis for dividing damages and the law is loath to permit an innocent plaintiff to suffer as against a wrongdoing defendant. This liability is imposed where each cause is sufficient in itself as well as where each cause is required to produce the result. [Citation.]" (Pp. 433-434.)

In quoting this passage, Cove's brief omits by ellipsis the sentence: "Death, burning of a building or the sinking of a boat are such indivisible results." (*Ibid.,* p. 433.)

In the present case, the separate injuries suffered by plaintiff were not inherently indivisible.

In the October 10 collision (accident No. 1), plaintiff received injuries to her left chest, left shoulder, left arm, and complained of pain in her head and upper neck. However, plaintiff testified that she had either recovered or was recovering from these injuries and was planning on returning to work as a nurse prior to the second collision. Her treating doctor anticipated a complete recovery from these injuries and complaints. .

In the accident of December 18, 1966 (accident No. 2), plaintiff sustained injuries to her right shoulder, arm and neck and complained of migraine headaches. Traction, injections and therapy failed to relieve the cervical pain and her complaints of migraine headaches. Eventually the cervical pain resulted in low back complaints. Then followed intermittent hospitalization with loss of work. Her orthopedic surgeon recommended a cervical laminectomy but plaintiff was initially reluctant to have it performed because the myelograms and EMG tests did not indicate a ruptured disc, and she felt (being a medical professional) that the surgery would not treat the cause of her medical problems but only the symptoms. However, when the pain from the neck and the migraines worsened, she finally consented to surgery and a cervical laminectomy was performed in October 1970 whereby the entire posterior lamina and spinous process of vertebrae C-2 and a portion of the lamina of C-3 were removed. After the severing of the nerve roots, plaintiff naturally experienced numbness in the C-2 and C-3 areas but at the time of trial, she was still experiencing considerable pain in the head, neck and back regions.

Her principal treating physician testified that 90 percent of her physical complaints were related to the injuries she sustained in accident No. 2.

The prevention of a double recovery in the present case was therefore a matter of "sorting out" injuries, which was a question of fact for the trial court. It does not require the extension of section 877 to cases of separate torts. The jury instructions are not attacked and the court properly instructed the jury to consider only those injuries proximately resulting from Cove's negligence. The jury's assessment of damages at $35,000 was not excessive, particularly in view of the medical testimony reflecting that 90 percent of plaintiff's pain, discomfort and disability resulted from the second accident. Thus, there is no evidence before us to suggest that the judgment against defendant Cove included damages from both accidents. There is similarly no reason to conclude that the settlement with defendant Felsen included damages from both accidents. There has been no suggestion that Felsen was liable for the second accident, so it would be illogical to assume that he agreed to pay damages resulting from that tort. The presumption of full compensation does not apply in the case of separate injuries (*Ash* v. *Mortensen, supra,* 24 Cal.2d 654, 660), or where, as here, the releasing document specifically reserves the rights against tortfeasors who are not released (*McKenna* v. *Austin,* 134 F.2d 659, 664 [77 App. D.C. 228, 148 A.L.R. 1253]). Since there can be no finding here that either the settlement or the judgment contained damages for more than the one accident involved in each, Cove's claim that plaintiff sustained a double recovery is just not well taken.

Finally, Cove contends that the *pro tanto* reduction is required because plaintiff originally joined both her and Felsen as defendants in the same action. However, the mere joinder of two tortfeasors in the same action does not create an overlap of their liabilities (making each responsible for the tort caused by the other), nor does it automatically mean a double recovery where plaintiff settles with one defendant and then obtains a judgment against the other. " 'Where the bar accrues in favor of some of the wrongdoers by reason of what has been received from . . . one or more others . . . the bar arises, not from any particular form that the proceeding assumes, but from the fact that the injured party has actually received satisfaction. . . .' " (*Anheuser-Busch, Inc.* v. *Starley,* 28 Cal.2d 347, 353 [170 P.2d 448, 166 A.L.R. 198] (Traynor, J., dissenting); *Dawson* v. *Schloss,* 93 Cal. 194, 199 [29 P. 31].) Here, it is apparent that the $35,000 verdict is to compensate the plaintiff for the injuries sustained and damages incurred in the second collision.

The judgment is affirmed.

Tamura, J., and Kaufman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 3, 1973.