Opinion
RICELES, J.
Mayhugh was driving a truck for her company and was rear ended by Kenneth Brian Augustine, an employee of Orange County. Augustine was driving his personal automobile on county business. Mayhugh suffered personal injuries as a result of this collision.
Mayhugh sued Augustine and Orange County. Mayhugh’s employer’s compensation carrier Zenith National Insurance Company paid extensive benefits to Mayhugh and intervened to recover these benefits from Augustine and Orange County.
*765 Mayhugh with Zenith’s consent settled with Augustine for his policy limits. Mayhugh moved the court for a determination this settlement was in good faith under 877.6 of the Code of Civil Procedure.[1] The county resisted this motion on the theory section 877.6 was applicable to joint tortfeasors and did not apply to respondeat superior situations. The court ruled Mayhugh’s settlement with Augustine was in good faith. Mayhugh and Zenith filed dismissals with prejudice as to Augustine, leaving Orange County as the only defendant.
Before trial, Orange County moved to dismiss Mayhugh’s and Zenith’s complaints contending the dismissals with prejudice of the employee (Augustine) exonerated the employer (Orange County). This motion was denied. The jury verdict against the county was reduced by the amount of the Augustine settlement and judgment was entered against the county for the reduced amount. The county appeals. After notice of appeal the county settled with Mayhugh but not with Zenith.
Zenith’s right to recover stands or falls with Mayhugh’s; therefore, the issue before this court is whether a good faith settlement between Mayhugh and the employee Augustine discharged the employer Orange County in a situation of vicarious liability or respondeat superior. In resolving this issue, we are called on to determine whether section 875 et seq. of the Code of Civil Procedure is intended to or can reasonably be interpreted to apply to respondeat superior.
In 1957 the Legislature enacted this statutory scheme amending the common law to accomplish three purposes: (1) To avoid the harshness of the common law rule prohibiting contribution among tortfeasors jointly liable; (2) to ameliorate the rule stating release of one tortfeasor releases all tortfeasors jointly liable; and (3) to promote early resolution of lawsuits.
This statutory scheme considers respondeat superior situations. Section 875 provides for contribution among persons jointly liable and further provides this title shall not impair any right of indemnity under existing law. Section 876 provides the method by which contribution would be determined. Subdivision (b) states: “Where one or more persons are held liable solely for the tort of one of them or of another, as in the case of the liability of a master for the tort of his servant, they shall contribute a single pro rata share, as to which there may be indemnity between them.”
Section 877 was designed to avoid the harshness of “release one, release all” rule. It provides: “Where a release ... is given in good faith before verdict or *766 judgment to one or more of a number of tortfeasors claimed to be liable for the same tort—[f] (a) It shall not discharge any other such tortfeasor from liability unless its terms so provide, but it shall reduce the claims against the others in the amount stipulated by the release . . . .”
Any doubt these sections were intended to apply to respondeat superior situations was dispelled by Ritter v. Technicolor Corp. (1972) 27 Cal.App.3d 152 [103 Cal.Rptr. 686]. “By California statute, release of an agent before trial does not discharge his principal from tort liability, even though the sole basis alleged for recovery from the principal is his vicarious liability for the acts of his agent.” (Id., at p. 153.) This court recognized this principle in Carr v. Cove (1973) 33 Cal.App.3d 851, 854 [109 Cal.Rptr. 449].
The Ritter court stated that principals charged under respondeat superior were not true joint tortfeasors. However, section 877 discusses releases given “to one or more of a number of tortfeasors claimed to be liable for the same tort.” Therefore, the court had little difficulty in concluding the statutory scheme was applicable to respondeat superior notions. It is interesting to note at this point that sections 875, 876, 877 do not mention the words “joint tortfeasors”; they only discuss “tortfeasors.”
The 1980 Legislature which added section 877.6 had Ritter v. Technicolor Corp., supra, 27 Cal.App.3d 152, before it. Accepted principles of statutory construction dictate we presume the Legislature had knowledge of existing judicial decisions and enacted statutes in light of decisions which bear directly upon the language at issue. (Estate of McDill (1975) 14 Cal.3d 831, 839 [122 Cal.Rptr. 754, 537 P.2d 874].) The Legislature, in enacting section 877.6, did not overturn or modify Ritter. The overall policy previously expressed by statute necessitates we recognize a release or settlement with the employee does not release the employer. The addition of section 877.6 was not intended to modify the rights of plaintiffs and tortfeasors who may be jointly liable, but was enacted to statutorily clarify the principles enunciated in American Motorcycle Assn. v. Superior Court (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899],
Section 877 resolves the differences between plaintiffs and tortfeasors and section 877.6 resolves the differences between tortfeasors inter se. We find no conflict between the two sections as they are designed to accomplish two different aims. We believe these sections were designed to clarify the liability of tortfeasors and to benefit the negligently injured plaintiff. The Legislature could not have intended that a settlement with one defendant which partially compensates the plaintiff for injuries sustained would effectively block the road to complete recovery. Release of the employer after settlement with the employee would accomplish such a road block and frustrate the purposes of the statute.
*767 We do not find it necessary to reach the issue whether the court’s action in holding a good faith settlement hearing under section 877.6 releases the employee from indemnity. We do hold the finding of a good faith settlement with the employee Augustine would satisfy the requirements of section 877. It does not release the jointly liable employer, County of Orange.
Judgment affirmed.
Morris, P. J., concurred.

 Unless otherwise indicated, all section references in this opinion are to the Code of Civil Procedure.