[No. B064232. Second Dist., Div. Six. Mar. 11, 1993.]

BARRY LAMA et al., Plaintiffs and Appellants, v.
COMCAST CABLEVISION, Defendant and Respondent.

**COUNSEL**

Masry & Vititoe and James W. Vititoe for Plaintiffs and Appellants.

Henderson & Wohlgemuth and Andrew K. Whitman for Defendant and Respondent.

**OPINION**

**GILBERT, J.**—Plaintiff dismissed his personal injury action with prejudice and signed a release of all claims. This release applied to the defendants who were the driver and the owner of the other vehicle, and to any other person or entity responsible for the accident. The trial court held that the dismissal and release barred subsequent litigation against the defendant driver's employer. The trial court was right. We affirm.

FACTS

Plaintiff Barry Lama was in an automobile accident on January 17, 1989. He filed a complaint for personal injury, naming the driver of the other vehicle, Veronica Malanga, and the owner of the vehicle, her husband, William Malanga. He also named Doe defendants, who he alleged employed Malanga, who operated her vehicle in the course and scope of her employment.

Lama settled with the Malangas for $100,000, the full amount of their insurance carrier's policy limits. He executed a "Release of All Claims" which released the Malangas "and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned . . . as a result of an accident . . . which occurred on or about the 17th day of January 1989, at or near Highway 1, Lompoc, CA . . . ." On September 7, 1989, after executing the release, Lama dismissed his complaint with prejudice as to the "Entire action."

Lama's attorney at the time conducted no discovery, nor did he conduct an investigation to determine whether Malanga was in fact driving her vehicle

while in the course and scope of her employment at the time of the accident. He limited his inquiry to asking a claims representative from Malanga's automobile liability carrier if there was any other insurance applicable to the accident.

The claims representative for the Malangas' insurance carrier understood the attorney's inquiry to be whether the Malangas had additional insurance such as a homeowner's policy that might cover them for this loss. The attorney believed his request was broader and included whether there were other parties who were insured. The claims representative asked the Malangas if they had additional insurance. To the claims representative's knowledge, there was no other insurance that covered the loss associated with this accident. She testified she would have told the attorney if there was such insurance.

The insurance company records show that Mrs. Malanga was going to a business seminar at the time of the accident. The claims representative testified that she had no knowledge Malanga was driving in the course and scope of her employment, and had she known this to be a fact, she would have informed the Lama's attorney.

On January 8, 1990, Lama, represented by a new attorney, filed a complaint against defendant in the instant action, Comcast, based on the accident of January 17, 1989, that occurred with Mrs. Malanga. This complaint alleges that Malanga was in the course and scope of her employment with Comcast at the time of the accident. Lama also filed a malpractice action against his former attorney. The malpractice action was settled prior to the trial of the instant action.

Comcast filed a motion for summary judgment on the grounds that the release agreement between Lama and Malanga covered Comcast, and that the dismissal with prejudice of the Lama complaint was a common law retraxit of the complaint against Comcast.

The trial court denied the motion holding that there were questions of fact as to the terms, extent and good faith nature of the release.

Trial was bifurcated so that before issues of liability and damages were tried, the court would first decide the question of whether the release and dismissal barred the action against Comcast.

The trial court found, among other things, that the release agreement expressly released persons or entities other than the Malangas, and that the

dismissal with prejudice barred any subsequent litigation against the employer.

The trial court also found that the insurer had no knowledge that Mrs. Malanga was driving within the scope of her employment and made no such representation to the Lama's original attorney. The trial court found that the release and dismissal constituted a retraxit, and that by the terms of the release, Code of Civil Procedure section 877 was applicable.

## DISCUSSION

■ Substantial evidence supports the trial court's finding that there was no mutual mistake concerning the terms of the release. It was clear and unambiguous.

That Comcast was not a party to the release is of no moment. As Comcast points out, the release of other parties who may have shared in the responsibility for the accident inures to the benefit of the Malangas. They were shielded from future exposure to damages that arose out of the accident with Lama. As the claims representative testified, the release was designed to "protect our insureds from any causes of action. . . . We cannot leave an insured hanging. . . . We do not settle cases out unless we are able to obtain a full release." The claims representative further testified that in order to properly represent an insured, the insurance company obtains a full release which protects the client from liability for additional damages.

The trial court correctly found there was no mutual mistake of fact as to the meaning of the release. The mistake was of Lama's first counsel who testified that he had not paid particular attention to the language in the release. This, in addition to his failure to investigate whether Mrs. Malanga was employed at the time of the accident, makes his mistake a unilateral one.

The task of determining whether Mrs. Malanga was in the course and scope of her employment was that of Lama's counsel, not the representative of Malanga's automobile insurance carrier. The representative only responded to counsel's inquiry whether there was other insurance. We agree with Comcast that the knowledge of the claims representative that Mrs. Malanga was on her way to a business seminar does not mean she knew whether Mrs. Malanga was in the course and scope of her employment when the accident occurred.

■ Lama argues that under Code of Civil Procedure section 877 the release does not apply to Comcast. Section 877 provides in pertinent part as follows: "Where a release, dismissal with or without prejudice, or a covenant not to sue or not to enforce judgment is given in good faith before verdict or judgment to one or more of a number of tortfeasors claimed to be liable for the same tort, . . . it shall have the following effect: [¶] (a) It shall not discharge any other such party from liability unless its terms so provide . . . ."

We agree with Comcast that the release here applies to Comcast. It applies to "any . . . corporation . . . charged with responsibility for injuries . . . as a result of an accident . . . which occurred on or about the 17th day of January 1989."

It is true, as Lama contends that Code of Civil Procedure section 877 allows for a proceeding against a joint tortfeasor even after a dismissal with prejudice. But that is only in the case in which there has not been a specific discharge of another tortfeasor by the release. A dismissal with prejudice in effect is the same as a common law retraxit, barring any future action in the same subject matter. (*Torrey Pines Bank* v. *Superior Court* (1989) 216 Cal.App.3d 813, 820 [265 Cal.Rptr. 217].)

The cases relied upon by Lama to support the application of Code of Civil Procedure section 877 are inapplicable. For example, in *Ritter* v. *Technicolor Corp.* (1972) 27 Cal.App.3d 152 [103 Cal.Rptr. 686], plaintiff sued both principal and agent for misrepresentations to induce plaintiff to enter into a contract. Unlike the instant case, plaintiff settled with the agents only and dismissed his action with prejudice as to the agents only. The dismissal as to the agents did not operate as a retraxit as to the principal. Similarly, in *Mesler* v. *Bragg Management Co.* (1985) 39 Cal.3d 290, 304 [216 Cal.Rptr. 443, 702 P.2d 601], under Code of Civil Procedure section 877, release of a subsidiary corporation does not release its parent corporation.

Here, however, Lama released all persons or entities responsible for Malanga's wrongful conduct, and a dismissal with prejudice was to all such parties. Lama's dismissal with prejudice served as a judgment on the merits as to the Malangas and to Comcast. (*Roybal* v. *University Ford* (1989) 207 Cal.App.3d 1080, 1085-1086 [255 Cal.Rptr. 469].)

The judgment is affirmed. Plaintiffs to bear costs on appeal.

Stone (S. J.), P. J., and Yegan, J., concurred.