[No. B074938. Second Dist., Div. Two. Aug. 5, 1994.]

MICHAEL APPELTON, Plaintiff and Appellant, v.
CHRISTOPHER PERRY WAESSIL, Defendant and Respondent.

## COUNSEL

Vana Parler Margolese for Plaintiff and Appellant.

Grace, Skocypec, Cosgrove & Schirm, Philip R. Cosgrove, Patricia M. Coleman and Lisa M. Kralik for Defendant and Respondent.

## OPINION

**NOTT, J.**—Dr. Michael Appleton appeals from a judgment entered following the grant of a motion for summary judgment in favor of respondent Christopher Perry Waessil. We reverse.

### FACTS

On November 16, 1990, appellant was injured in an automobile accident caused by respondent, who was driving a vehicle owned by General Motors Corporation (GMC). That vehicle was allegedly brokered by Norm Marshall & Associates (NMA) and loaned by GMC to California Institute of the Arts. Respondent was affiliated with that latter organization and had permission to drive the vehicle.

Appellant filed an action for personal injuries, naming as defendants GMC, NMA, and respondent. Prior to serving respondent with process, appellant's attorney dealt with GMC through its counsel, Grace, Skocypec, Cosgrove & Schirm (GSCS).

In a letter dated September 24, 1991, GSCS represented that GMC loaned the vehicle as a "courtesy car" for a stage production; that NMA did not broker the transaction; and that respondent was not an agent or employee of GMC or NMA.

Based on that information, appellant entered into a settlement. NMA was dismissed from the litigation and GMC paid appellant $15,000, the statutory

maximum amount of its liability under Vehicle Code section 17151. Appellant executed a general release of claims. Additionally, GMC and NMA brought a motion for determination of a good faith settlement. After that motion was granted, a dismissal was filed with prejudice as to GMC and NMA only.

Subsequent to those events, in July of 1992, appellant served respondent. GSCS filed an answer on his behalf. Respondent then brought a motion for summary judgment on the basis that the broad terms of the release agreement included respondent as a person released from the lawsuit. The trial court agreed, leading to this appeal.

## DISCUSSION

Under Code of Civil Procedure section 877, subdivision (a), a release or dismissal involving multiple tortfeasors does not discharge any other such party unless its terms so provide. ■ The issue before us is whether the release agreement is specific enough to encompass respondent as a released party under that statute. We hold that it is not.

The standard release form that was executed by appellant discharged only GMC and NMA by name. However, the boilerplate language included in the form purported to release "all other persons, firms, associations and corporations. . . ." Respondent seizes on the term "all other persons" as including him. We disagree.

■ A release agreement is governed under general principles of contract law. (*General Motors Corp.* v. *Superior Court* (1993) 12 Cal.App.4th 435, 439 [15 Cal.Rptr.2d 622].) Under those principles, parol evidence is only admissible if the contract terms are ambiguous. (*Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33, 37 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373].)

The decision whether to admit parol evidence involves a two-step process. The first is to review the proffered material regarding the parties' intent to see if the language is "reasonably susceptible" of the interpretation urged by a party. (*Winet* v. *Price* (1992) 4 Cal.App.4th 1159, 1165 [6 Cal.Rptr.2d 554].) If that question is decided in the affirmative, the extrinsic evidence is then admitted to aid in the second step, which involves actually interpreting the contract. (*Id.* at pp. 1165-1166.)

On appellate review, the trial court's threshold determination of ambiguity is a question of law (*Madison* v. *Superior Court* (1988) 203 Cal.App.3d 589,

598 [250 Cal.Rptr. 299]) and is thus subject to our independent review (*Equitable Life Assurance Society* v. *Berry* (1989) 212 Cal.App.3d 832, 840 [260 Cal.Rptr. 819]).

██ Respondent contends that the language of the subject release is not ambiguous and thus extrinsic evidence may not be used to subvert the literal language of the release. Respondent further argues that California cases have broadly interpreted the phrases "all claims" against "all other persons" to include any other tortfeasor. (*Lama* v. *Comcast Cablevision* (1993) 14 Cal.App.4th 59 [17 Cal.Rptr.2d 224]; *Winet* v. *Price, supra,* 4 Cal.App.4th 1159; *General Motors Corp.* v. *Superior Court, supra,* 12 Cal.App.4th 435; *Eustace* v. *Dechter* (1942) 53 Cal.App.2d 726 [128 P.2d 367].) We do not believe the ultimate disposition of those cases are of aid to respondent under the scenario presented in the matter before us. In fact, application of the rules and analyses presented in those authorities lead to the opposite result from that reached here by the trial court.

As has been recognized by our Supreme Court, it is often impossible for the parties to be precise in expressing their intent in a written document. ██ Therefore, even if the trial court personally finds the document not to be ambiguous, it should preliminarily consider all credible evidence to ascertain the intent of the parties. "The test of whether parol evidence is admissible to construe an ambiguity is not whether the language appears to the court to be unambiguous, but whether the evidence presented is relevant to prove a meaning to which the language is 'reasonably susceptible.' " (*Winet* v. *Price, supra,* 4 Cal.App.4th at p. 1165.) In the present case, the extrinsic evidence offered by appellant was: the complaint, which named respondent and set forth the allegations that he was primarily responsible for the accident; correspondence from GSCS that verified respondent was not an employee or agent of the settling parties; an unchallenged declaration of appellant's counsel that at all times GSCS was advised that appellant would be pursuing the action against respondent; the motion for good faith settlement and subsequent ruling thereon, neither of which mentioned respondent by name; and the dismissal, which by its terms specifically applied to GMC and NMA only, and not to the entire action or any other defendant.

██ Under the facts presented in the instant case, the evidence offered by appellant raised an issue of the parties' intent as to whether respondent was to be included in the category of "all persons" in the release agreement. It bears repeating that respondent was not just a peripheral actor in this matter. As mentioned, he was the cause of the accident and was a named party defendant. If it was the intent of the parties to release respondent, one has to wonder why such an important player in the cast of characters was not

specifically named in the document. The simple fact that respondent was not named created an apparent ambiguity. The extrinsic evidence provided by appellant tended to show that the intent of the parties was not to include respondent in the settlement. The release agreement was therefore reasonably susceptible of the interpretation urged by appellant and the extrinsic evidence was admissible to assist in determining whether or not the agreement actually is ambiguous, and if so, what construction should be given to its terms.

■ The standard of review of the trial court's ultimate determination of the construction of the ambiguous language depends on the circumstances. If the parol evidence is in conflict, requiring the resolution of credibility issues, we would be guided by the substantial evidence test. (*Stratton* v. *First Nat. Life Ins. Co.* (1989) 210 Cal.App.3d 1071, 1084 [258 Cal.Rptr. 721].) However, where (as in the present case) the extrinsic evidence is not in conflict, construction of the agreement is a question of law for our independent review. (*Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].)

■ In making that review, we find that the term "all persons" is ambiguous and that the extrinsic evidence raises a triable issue as to whether there was an intent by any of the settling parties to include respondent as a releasee. Had they so intended, respondent, the known driver and a named defendant, could have been specifically named in both the release and the dismissal.

We hold that the failure to specifically name respondent creates a triable issue of fact and the cases cited by respondent do not persuade us otherwise.

*Lama* v. *Comcast Cablevision, supra,* 14 Cal.App.4th 59 involved an automobile accident. Lama sued the driver and owner, and also named "Doe" defendants as "employers" of the driver and owner. Without doing any discovery as to whether the vehicle was being operated for employment purposes, Lama settled the case. In doing so, Lama executed a general release as to the owner, driver and any other person or entity responsible for the accident. Lama then made the fatal mistake of dismissing the entire action with prejudice. On those facts, the appellate court held that the dismissal operated as a retraxit, and the subsequent attempted action against the employer was barred.

The facts in the present case are different from *Lama* in several important aspects. First, appellant did discovery specifically targeted to finding out the relationship, if any, between respondent and GMC or NMA, and was told

there was none. Appellant knew that by signing the agreement, he would be releasing any agents or employees of GMC and NMA, and thus was comfortable that he was not releasing respondent. Second, the uncontroverted declaration of appellant's counsel was that at all times he advised GSCS that appellant would be proceeding against respondent. Finally, the dismissal was entered only as to GMC and NMA and not to the entire action.

*General Motors Corp.* v. *Superior Court, supra,* 12 Cal.App.4th 435 was a wrongful death action involving an auto accident. After settling with the driver for $25,000 and signing a general release, the plaintiff attempted to proceed with litigation against General Motors. The appellate court held that the broad terms of the release applied to unnamed defendants and disallowed the action. However, the court made it clear that it was doing so because the plaintiff failed to provide any convincing extrinsic evidence.[1]

The unfortunate result in *General Motors* is distinguishable from the present matter. Here, respondent was a named defendant and appellant advised GMC and NMA that he was not settling as to respondent. Those facts, coupled with the other extrinsic documents, supplied the evidence that was missing in *General Motors*.

The rationale for the decisions in *Winet* v. *Price, supra,* 4 Cal.App.4th 1159 and *Edwards* v. *Comstock Insurance Co.* (1988) 205 Cal.App.3d 1164 [252 Cal.Rptr. 807] was similar. *Winet* concerned a dispute between a client and his attorney over attorney fees. That matter was settled, with the client releasing the attorney from all claims, known or unknown. Subsequently, the client was sued by partners over a matter that involved legal work by the attorney. The client's attempt to maintain a cross-complaint for indemnification against the attorney was disallowed on the basis that the undisclosed intent of the client to retain the right to sue for malpractice could not prevail over the express terms of the release.

The same result and reasoning occurred in *Edwards*, where the plaintiff settled the underlying action and executed a general release as to the world. Summary judgment was upheld against the subsequent bad faith action against the plaintiff's insurance carrier. The appellate court refused to allow the secret and undisclosed intentions of the plaintiff to hold sway over the broad language of the release.

However, as previously expressed, the facts here are distinguishable from both *Winet* and *Edwards* in that there was no "secret" or "undisclosed"

---

[1]The only evidence presented was a declaration by plaintiff's second attorney (who was not involved in the settlement) to the effect that the language should not apply to third parties who were not a part of the settlement process.

intentions regarding respondent. He was a named party, and appellant consistently notified GSCS that he was reserving his action against respondent.

In *Eustace* v. *Dechter*, *supra*, 53 Cal.App.2d 726, the plaintiff filed a malicious prosecution action against numerous defendants who allegedly forced her into involuntary bankruptcy. Plaintiff released some of the defendants by name and "any and all persons heretofore connected with said bankruptcy proceeding from any claim of any kind whatsoever." After the unnamed releasees asserted the release as a defense, plaintiff claimed menace and duress in the execution of the release, that there was no consideration for the release of the unnamed releasees, and for rescission of the release. The matter proceeded to trial and the court found that plaintiff failed in her burden of proof to set aside the release and that the terms of the document applied to the unnamed releasees.

The case before us is not at odds with *Eustace*. Here, the evidence presented by appellant was clear and convincing that the release was ambiguous and there is a triable issue of fact as to whether the parties intended to release appellant.

## DISPOSITION

The judgment is reversed. Appellant is awarded costs on appeal.

Boren, P. J., and Gates, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 23, 1994.