[Civ. No. 546.   Fourth Appellate District.—November 2, 1931.]

PRICE  BULLOCK, Respondent, v. G.  H.  MORRISON, Appellant.

Roland Thompson for Appellant.

Burr A. Brown for Respondent.

ALLISON, J., *pro tem.*—This is an appeal from a judgment against the appellant entered in this action, awarding plaintiff the sum of $500, together with his costs and disbursements amounting to the sum of $233.95.   The case was tried by a jury.   It appears that on the fourth day of April, 1929, the defendant, the appellant here, swore to a criminal complaint and caused the same to be filed in the Justice's Court of Seal Beach Township, in the County of Orange, State of California, charging the respondent with the crime of malicious mischief in that he did wilfully, unlawfully and maliciously mar, deface and carry away portions of a certain residence or dwelling-house, the same being the property of another person.   The respondent was arrested and arraigned

on said complaint and upon a plea of "not guilty" was tried by a jury and found to be not guilty.

The respondent charges in his complaint before us that defendant, in making said charges and prosecuting the arrest of plaintiff, did so maliciously and without probable cause and that by reason of said charges and his subsequent arrest thereon, plaintiff has been injured in his good name and reputation and credit in the community in which he lives and that he has been put to an expense in defending said action and has suffered greatly in body and mind by reason of this disgrace and humiliation thereof.

A second cause of action is set out in respondent's complaint, based upon an action claimed to have been maliciously brought and prosecuted by the appellant against the respondent to recover certain sums of money alleged to be due from respondent.

At the conclusion of respondent's case in chief the trial court, on motion of appellant, granted a nonsuit as to the second cause of action and denied his motion for a nonsuit as to the first cause of action.

It is contended that the court erred in denying appellant's motion for a nonsuit as to the first cause of action, for the reason it is urged that respondent failed to prove affirmatively the negative fact of probable cause; also, that respondent failed to prove actual malice as a fact. The testimony offered to prove that said criminal proceeding was instituted without probable cause, and that it was maliciously done, is conflicting, and in view of the conclusion which we have reached in this case no good purpose will be served by repeating it here.

It is alleged in the complaint before us that on the twenty-fourth day of September, 1929, on appeal from the Justice's Court of Seal Beach Township, in the County of Orange, a judgment was given by the Superior Court of Orange County in favor of the appellant and against the respondent for the damages to the premises in question, the judgment being in the sum of $100 and costs, which judgment the respondent here has paid in full. This allegation is not denied by the answer, but on the contrary the appellant in his answer admits the giving and entering of the judgment of said superior court, and alleges that said action is now fully determined. A certified copy of the

judgment of the superior court was on stipulation of counsel admitted into evidence in this case, and it appears therefrom that a judgment was given and entered against the respondent in favor of the appellant for the sum of $100, together with costs, on the second cause of action set out in plaintiff's complaint in the court below. The second cause of action, as set forth in said complaint, charges the respondent here with wilful and malicious mutilation of the premises in question to the damage of appellant, which damage the defendant in the court below refused to pay. There is a total absence of evidence in this case of any fraud on the part of the plaintiff in said action in obtaining the judgment in his favor in the trial court. In the case of *Holliday* v. *Holliday,* 123 Cal. 26 [55 Pac. 703], it was held that in an action for malicious prosecution the plaintiff was entitled to the presumption of probable cause for its institution, by virtue of the judgment in his favor in a proceeding for security to keep the peace by a justice of the peace, and that this presumption is, in the absence of proof of fraud in obtaining said judgment, conclusive. See, also, *Carpenter* v. *Sibley,* 15 Cal. App. 589 [119 Pac. 391]. It was said in the *Crescent Livestock Co.* v. *Butchers' Union,* 120 U. S. 141 [30 L. Ed. 614, 7 Sup. Ct. Rep. 472, see, also, Rose's U. S. Notes], cited in *Carpenter* v. *Sibley, supra,* that ''the rule is founded on deeper grounds of public policy in vindication of the dignity and authority of judicial tribunals constituted for the purpose of administering justice according to law and in order that their judgments and decrees may be invested with that force and sanctity which shall be a shield and protection to all parties and persons in privity with them''. In the case of *Black* v. *Knight,* 44 Cal. App. 756 [187 Pac. 89], the court follows the rule announced in *Holliday* v. *Holliday, supra,* and holds that the conclusiveness of such a judgment applies in civil as well as criminal actions.

The record herein shows that the appellant recovered a judgment in the lower court in his favor and against the respondent for the damage suffered by him which was the basis of the criminal prosecution in the justice's court. This fact entitles him, upon trial of the instant case, to the full benefit of the presumption of the existence of probable cause for the institution of said criminal proceeding and,

as has been pointed out, in the absence of proof of fraud in obtaining said judgment, this presumption is conclusive.

For the foregoing reasons we are of the opinion that the motion for a nonsuit as to the first or remaining cause of action should have been granted.

The judgment is reversed.

Jennings, Acting P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 25, 1931.