[Civ. No. 12976.   Second Dist., Div. Three.   July 31, 1942.]

KATIE M. EUSTACE, Appellant, v. RAPHAEL DECH-
TER et al., Respondents.

Edmund Gattone for Appellant.

Raphael Dechter in pro. per., B. L. Hoyt, Owen E. Kupfer, Irving B. Drachlis and L. Donald St. Clair for Respondents.

SCHAUER, P. J.—This action, as well as related litigation arising from the same basic facts, has previously occu-

pied the attention of appellate courts (see *Eustace* v. *Lynch,* (1935) 80 F. (2d) 652; *Eustace* v. *Dechter,* (1938) 28 Cal. App. (2d) 706 [83 P. (2d) 523]; *Eustace* v. *Lynch,* (1941) 43 Cal. App. (2d) 486 [111 P. (2d) 372]). The present appeal is by plaintiff from a judgment for defendants in a malicious prosecution action. The sixth amended complaint was framed in two counts. In the first count plaintiff avers that ''defendants . . . maliciously and without probable cause, conspired and agreed among themselves and with each other to institute, and did institute an involuntary petition in bankruptcy against plaintiff, charging plaintiff, among other matters, with being insolvent and a bankrupt. . . .'' It is not contended that a cause of action is not stated in this count. In Count II plaintiff adopts all the allegations of Count I and in addition thereto sets up allegations to the effect that defendants ''maliciously and without probable cause'' caused a contempt citation against plaintiff to be issued out of the United States District Court. It is further therein alleged ''That said order to show cause [contempt citation] was served upon the plaintiff and a trial was had thereon September 12, 1934. That plaintiff made a motion to dismiss for want of jurisdiction, for lack of a proper or any complaint or affidavit of facts constituting the alleged contempt was ever served upon plaintiff; that the court denied such motion to dismiss and the cause proceeded to a partial hearing. That upon the conclusion of said hearing, the court found plaintiff guilty of contempt while still being deceived, did enter its order in said bankruptcy proceeding ordering said plaintiff to pay a fine of One Thousand ($1,000) Dollars, to the United States of America, and stand committed to the Orange County jail until fine is paid, and was immediately remanded to custody of the United States Marshal. That a stay of execution was denied plaintiff and that thereupon the United States Marshal took custody and control of the plaintiff and did deprive her of her liberty for the greater part of an entire day and until plaintiff was released on bail. That said order and judgment finding plaintiff guilty of contempt was thereafter appealed to the United States Circuit Court of Appeals, Ninth Circuit, and said court did, on the 17th day of December, 1935, reverse said order and judgment referred to above. . . . That said contempt proceeding was finally terminated in plaintiff's favor.''

A demurrer to Count II was sustained as to all defendants without leave to amend. A demurrer of one defendant (United States Fidelity and Guaranty Company) was sustained as to Count I and concerning this ruling no complaint is made. The other defendants answered Count I and all of them, in addition to certain denials, pleaded as an affirmative defense that the conflicting claims of the respective parties in the bankruptcy proceedings had been compromised, that such proceedings had been dismissed by mutual consent, and that in consideration of such compromise agreement and dismissal plaintiff had executed a release in the following form:

"Los Angeles, Cal.
January 29, 1935.

"Mr. Raphael Dechter,
825 Stock Exchange Bldg.,
Los Angeles, California.
Dear Sir:

"This will verify the fact that in consideration of your arranging to dismiss the bankruptcy proceedings now pending against Katie M. Eustace in the United States District Court, for this District, No. 23770-C, the undersigned do hereby agree that they will and do hereby release the Oil Tool Exchange, Inc., Speirs & Meadows, and A. M. Kupfer, as well as E. A. Lynch, and yourself and any and all other persons heretofore connected with said bankruptcy proceeding from any claim of any kind whatsoever arising out of said bankruptcy proceedings and hereby agree to forbear from any legal proceedings by virtue of anything done by the above named parties in and about said bankruptcy proceedings.

"Yours very truly,

Katie M. Eustace.
Katie M. Eustace.
John M. Eustace.
John M. Eustace.
John Eustace.
John Eustace (Jr.).
J. A. Griffith.
J. A. Griffith."

At the trial, on motion of the answering defendants, the court proceeded first, pursuant to the provisions of section 597 of the Code of Civil Procedure, to determine the issues raised by the affirmative defense. That section provides in material part that "When the answer pleads that the action is barred by the statute of limitations . . . or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar . . . to the prosecution thereof, the court may, upon the motion of either party, proceed to the trial of such special defense or defenses before the trial of any other issue in the case, and if the decision of the court, or the verdict of the jury upon any special defense so tried . . . is in favor of the defendant pleading the same, judgment for such defendant shall thereupon be entered and no trial of other issues in the action shall be had unless such judgment shall be reversed on appeal or otherwise set aside or vacated. . . ."

The execution of the release quoted above was admitted by plaintiff but she sought to escape its effect apparently on the mixed or combined theories that it had been executed by the plaintiff while acting under duress of menace and threats, that it had been executed without consideration and had been rescinded. A jury was impaneled to serve in an advisory capacity on issues of fact which might arise in the equitable proceeding whereby plaintiff endeavored to so avoid the release, but at the conclusion of the evidence the court held that the showing was insufficient to warrant submission to the jury and advised a verdict for the defendants.

It is to be noted that the release pleaded in this case is the same release which was pleaded in *Eustace* v. *Lynch*, (1941) *supra*, 43 Cal. App. (2d) 486, 488. We have compared the evidence adduced at the trial in this case, and the offers of proof, with the offers which were made in the cited case and which are related in the opinion prepared by Mr. Presiding Justice York in that case, and find that there is nothing in the record before us to differentiate it legally from that case. Our record contains nothing materially different and favorable to plaintiff that was not included within the scope of the evidence offered in the Lynch case, and in fact the evidence actually adduced here was not as favorable to plaintiff as were the offers of proof there. We do not feel justified, therefore, in reciting again what would be substantially a repetition of the matter printed on pages 488 and 489 of 43 California Appellate Reports (2d Series). Suffice it to state

that according to the opening statement of counsel for plaintiff she had the draft of the release in her possession for two or three weeks before she signed it. During that period she discussed it with her own counsel and friends, including at least three different reputable members of the bar. It is to be noted that whereas the offer of proof made in the Lynch case was to the effect that the asserted threats, menace, duress and fraud consisted of statements and representations made to the plaintiff and other persons signing the release by defendant Raphael Dechter, it was not claimed at the trial in this case that Mr. Dechter had at any time directly communicated with plaintiff. In this connection counsel for plaintiff stated "None of the defendants in this case made any of these statements face to face, but they got to Mrs. Eustace just the same and she signed it after three weeks." It appears that the only statements or representations which were communicated to plaintiff were matters related to her by her own counsel concerning discussions had with opposing counsel. It is not disputed that the bankruptcy proceedings were in fact dismissed as a result of the compromise agreement. ██ So far as the claimed rescission of the release is concerned, plaintiff's counsel stated, "There is no rescission other than the bringing of this suit, which the plaintiff considers to be a rescission." The record shows that the release is dated January 29, 1935, that it was signed within three weeks from that date, that the action was filed June 1, 1936, and the date of the trial was June 17, 1940. Manifestly there was an utter failure to comply with the salutary provisions of section 1691 of the Civil Code requiring that a party rescinding an agreement act promptly and restore to the other party everything of value which has been received. We find the ruling of the trial court, that the evidence seeking to avoid the release was insufficient, to be correct.

Since the release would also constitute a complete defense to the cause of action attempted to be stated in Count II it is difficult to perceive how any error in ruling on the demurrer thereto could be prejudicial. We have, however, examined the pleading and note that it alleges that as to the contempt citation, the issuance of and proceedings under which are the basis of that asserted cause of action, a hearing was had and the court found plaintiff guilty of contempt. On appeal to the Circuit Court of Appeals, Ninth Circuit, that court held (*Eustace* v. *Lynch*, (1935) *supra*, 80 F. (2d)

652, 656) : "We are satisfied, notwithstanding some indications in the record to the contrary, that the contempt proceeding was inaugurated, tried, and determined as a civil contempt, and that the imposition of a fine which bore no relation to the injury suffered by the receiver was unauthorized. . . . The appellee has made no appearance and filed no brief. It appears that the bankruptcy proceeding in which this matter originated has been dismissed. The civil contempt proceeding being ancillary to the bankruptcy proceeding also should be dismissed."

■ As far back as *Holliday* v. *Holliday*, (1898) 123 Cal. 26 [55 Pac. 703], it was held that in an action to recover damages for malicious prosecution and false imprisonment, based on a proceeding instituted by the defendants (page 31) : "The law is well settled that to maintain an action of this kind the plaintiff must allege and affirmatively prove malice and want of probable cause on the part of the defendant in instituting the proceeding which is made the basis of the action, and that the same has been finally determined in favor of the plaintiff. . . . [Page 32] Without reviewing the cases cited, we deem it enough to say that, while there is some apparent conflict in the decisions, the prevailing rule is, that when a person is charged before a competent court having jurisdiction of the matter, and is tried and found guilty, the judgment rendered, unless it is shown to have been obtained by means of fraud, is conclusive evidence of probable cause for making the charge, even though it is afterward held to be unauthorized and reversed on appeal." To the same effect see *Carpenter* v. *Sibley*, (1911) 15 Cal. App. 589, 602 [119 Pac. 391] ; *Black* v. *Knight*, (1919) 44 Cal. App. 756, 770 [187 Pac. 89] ; *Bullock* v. *Morrison*, (1931) 118 Cal. App. 112, 114 [4 P. (2d) 812]. There was no showing, or offer to show, in the court below that the conviction of plaintiff was brought about by any extrinsic fraud practiced on the court. The reversal of the judgment of the United States District Court finding plaintiff guilty of contempt was not based on fraud. ■ It further appears from the language of the Circuit Court of Appeals, above quoted, that the contempt proceeding was ordered dismissed because it was ancillary to the bankruptcy proceeding which as hereinabove stated was dismissed by mutual consent on compromise of the conflicting claims. A termination of the proceeding so procured does not make it a basis for a malicious

prosecution action. (38 C. J. 443, 444; *Paskle* v. *Williams,* (1931) 214 Cal. 482, 484 [6 P. (2d) 505]; *Jaffe* v. *Stone,* (1941) 18 Cal. (2d) 146, 152 [114 P. (2d) 335, 135 A. L. R. 775].) We are satisfied therefore that no prejudicial error was committed in sustaining the demurrer to Count II.

Plaintiff also contends that the court erred in vacating the default of the defendant Kupfer. It appears, as heretofore mentioned, that the complaint herein was filed on June 1, 1936. The clerk's transcript, notwithstanding the provisions of sections 670 and 950 of the Code of Civil Procedure, contains no copy of the summons or the return of service, but a special bill of exceptions recites that it was stipulated that "service of summons and complaint of the within action was made on defendant, A. M. Kupfer on the 4th day of August 1936 and that return of said service was made on the 18th day of August, 1936. 3. That on the 21st day of August, 1936 . . . said court entered an order vacating and quashing said service of summons against the defendant, A. M. Kupfer. 4. That thereafter service of summons and sixth amended complaint was made on the defendant, A. M. Kupfer on the 26th day of June 1939 and that return of said service was made on the 29th day of June 1939." It is also shown that defendant Kupfer specially appeared and moved to dismiss the action under section 581a of the Code of Civil Procedure on the ground that the summons was not served and the return thereon was not made within three years after the commencement of the action. This motion was denied on the ground that "plaintiff had made a sufficient showing that said defendant, A. M. Kupfer had secreted himself to prevent the service of summons upon him and that plaintiff was thereby unable to serve summons upon said defendant within three years from the commencement of the within action." Notice of this ruling was served on the defendant on August 26, 1939, and on September 12, 1939, his default was entered. Three days later, on September 15, defendant filed an application for leave to renew his motion and this application was denied September 20, 1939. On October 13, 1939, defendant Kupfer filed a notice of motion to vacate his default. This notice of motion does not in so many words specify "mistake, inadvertence, surprise or excusable neglect" as a ground for his motion, but it does recite the facts as to the service of summons after three years, the original proceedings instituted by the defendant in en-

deavoring to cause the service to be quashed, and the further fact that at the time the default was entered defendant's counsel was engaged in the process of taking further proceedings for the renewal of the motion to quash. It is to be noted further that the notice of motion specifies that the motion would be "made upon the within notice of motion and upon the points and authorities attached hereto and upon the proposed answer of defendant filed herewith, and *upon all of the papers and records on file in the within action.*" (Italics added.)

■ Plaintiff attacks on various grounds the order granting the motion, contending that the notice of motion itself was defective in not specifying with more particularity any of the grounds enumerated in section 473 of the Code of Civil Procedure and that the showing in support of the motion was inadequate in that no affidavit of defendant accompanied the notice. While such notice is inartificially drawn it does not appear that on that ground plaintiff objected in the trial court to the hearing. On the contrary it appears that plaintiff joined in a stipulation as to various facts which were presented to the court on the hearing. Under such circumstances we do not believe that such objection should be considered when presented for the first time on appeal.

■ As to the sufficiency of the showing on which the trial court acted we are unable to hold that it abused its discretion, because the record does not purport to include "all of the papers and records on file" in the action which were referred to in the notice of motion as a basis thereof and does not certify that it contains all of the evidence which was before the court. The transcript before us discloses that at the time the notice of motion was filed the records and files of the trial court contained verified answers of defendants other than Kupfer which set out the release, and such release on its face purported to constitute a complete defense for Kupfer as well as such other defendants. The special bill of exceptions, which is incorporated in the clerk's transcript, states that defendant Kupfer "submitted a proposed answer in support of his motion . . .; said proposed answer was unverified . . .; a copy . . . is appended hereto. . . ." The copy appended, among other defenses, sets out the release, but does not purport to be verified. It is to be noted that incongruously another portion of the transcript, certified by the clerk, sets forth the answer of the defendant Kupfer, en-

dorsed as filed October 30, 1939, and shows a verification by Kupfer under date of October 23, 1939, which was three days prior to the date of the hearing on the motion. We are of the opinion that although defendant Kupfer's motion was not supported by his own affidavit, and although the copy of his proposed answer tendered on the hearing of the motion did not purport to be verified, the court, in the light of the verified answers of the other defendants, which answers, as previously observed, were included among the papers specified in the notice of motion as a basis thereof, may well have concluded that he had a good and meritorious defense. In any event the burden is upon plaintiff to affirmatively establish error and under the circumstances recited we cannot indulge presumptions in favor of error and predicate a reversal thereon.

■ Plaintiff advances the further contention that the court erred in excluding offered testimony to the effect that plaintiff would not have signed the release had she known then that she had a cause of action against defendants for malicious prosecution. In this regard plaintiff relies on section 1542 of the Civil Code, which provides that "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The evidence was properly excluded. It requires only a reading of the release to ascertain that it was not a mere general release but was particularly drawn to cover "any claim of any kind whatsoever *arising out of said bankruptcy proceedings.*" (Italics added.) This language is specific in identifying the particular proceedings, claims arising out of which were exclusively the subjects of release.

■ A further argument is presented to the effect that the release is nonoperative as to the defendants Wagner, Coates, Fairfield, and Gray, in that they are not named therein. A sufficient answer to this contention is found in the language of the release, "the undersigned do hereby agree that they will and do hereby release the Oil Tool Exchange, Inc., . . . and any and all other persons heretofore connected with said bankruptcy proceeding." Unless the defendants were in the category of those "heretofore connected with said bankruptcy proceeding" no cause of action was stated against them and if they were so connected the release constitutes a defense.

No other error complained of is of sufficient moment to warrant consideration. The attempted appeals from the order directing a verdict and from the findings are dismissed. The judgment is affirmed.

Shinn, J., and Wood (Parker), J., concurred.