[Civ. No. 24601. First Dist., Div. Three. Sept. 23, 1968.]

IRMA H. GREBE, Plaintiff and Appellant, v. HARRY W. McDANIEL, Defendant and Respondent.

Shephard & Higgins and James S. Higgins for Plaintiff and Appellant.

Hoge, Fenton, Jones & Appel and John I. Horton for Defendant and Respondent.

DRAPER, P. J.—In this personal injury action, defendant pleaded an executed release of all claims as a special defense, and moved for summary judgment on that issue. The motion was granted. Plaintiff appeals.

Plaintiff was injured October 15, 1965, when her automobile was struck from the rear by one driven by defendant. She suffered pain in her neck and back, and was examined by a general practitioner of medicine, who in turn referred her to an orthopedic surgeon for examination and treatment. She was also examined by a neurosurgeon. An adjuster for defendant's insurer opened settlement negotiations with plaintiff and her husband. On March 10, 1966, she wrote to the adjuster, asking $1,200 in settlement. She listed expenses of $209 for medical treatment, $168 for car repair, and $232 for loss of salary, and wrote ''we feel our request for an out-of-court settlement in the amount of $1200.00 . . . is entirely reasonable.'' The adjuster on April 11 paid plaintiff $1,200 and took a release from her and her husband. It was headed, in large print ''Full and Final Release of All Claims.'' It specifically extended to ''all known and unknown and anticipated and unanticipated injuries and damages resulting from said accident . . . as well as to those now known or disclosed.'' The adjuster's declaration, not contradicted by plaintiff, avers that on that date plaintiff said ''she was still experiencing pain in her neck and suffering frequent headaches.'' On October 6, 1966 the complaint in this action was filed. In November, she again consulted the neurosurgeon, who recommended a myelogram which was performed December 16, and was followed by surgical repair of a ruptured intervertebral disk.

Plaintiff's affidavit suggests no persuasion or overreaching of any sort by the adjuster, but seeks to avoid the release solely on the ground that she did not know the extent of her injuries when she signed that document.

Under the established rule, summary judgment is improper if there is any triable issue of fact (*R. D. Reeder Lathing Co.* v. *Allen*, 66 Cal.2d 373 [57 Cal.Rptr. 841, 425 P.2d 785]).

 A release does not extend to claims not known or suspected to exist (Civ. Code, § 1542). Mere recital of the release that it covers unknown claims or that section 1542 is waived does not, of itself, bar assertion that bodily injuries were unknown (*Casey* v. *Proctor,* 59 Cal.2d 97, 106-110 [28 Cal. Rptr. 307, 378 P.2d 579]). Whether the releaser actually intended to discharge such claims remains a question of fact (id. at p. 110. Mere knowledge of some injury does not necessarily imply knowledge of the extent thereof (*O'Meara* v. *Haiden,* 204 Cal. 354 [268 P. 334, 60 A.L.R. 1381], cited and quoted in *Casey* v. *Proctor, supra*).

The facts of *Casey* present a strong case for setting aside the release. In *Casey,* the parties discussed only property damage, and the existence of bodily injury was not known or considered by either. It is true that in *O'Meara,* relied upon in *Casey,* the fact of injury was known at the time of release and only its extent was unappreciated. But there the ultimate result, death, was wholly disproportionate to the bruises known at the time of settlement, and could not be viewed as reasonably forseeable then. Moreover, the release was executed only 6 weeks after the accident, and symptoms of the fatal ailment did not appear for another 4 months.

 The result here, a herniated disk in the cervical spine, is a widely known result of the "whiplash" type of injury. The release was not executed until almost six months after the accident. Plaintiff had consulted and had been treated by physicians of her own choice. She is a clerk-stenographer employed by a school district. Her husband, who joined her in executing the release, is a life insurance agent. They are entirely literate. The consideration for the release was the amount suggested by plaintiff herself. Her letter to the insurer clearly establishes her knowledge of the existence of bodily injury, and her desire to include that element in the settlement. The $1,200 figure she suggested and received included only $168 for property damage. Medical expense of $209 and $232 claimed for loss of salary were attributable only to personal injury. Thus, her own settlement demand left some $591 for general damages for bodily injury. Any inference that the filing of the action resulted from belated medical discovery of the extent of injury is dissipated by her own declaration that the action was filed a month before such medical determination.

Plaintiff's application of *Casey* would amount, in the case at bar, to holding that a post-release statement by plaintiff of

her unexpressed intention at time of release, even though contradicted by the circumstantial evidence, requires full trial of the issue of extent of the release. Here plaintiff knew, at time of release, of the general nature and location of her injury and of continuing effects from it. Her lack of detailed knowledge of the medical terminology applying to it, and of the specific treatment required, is not enough to limit the bar of the release.

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.