[No. G021527. Fourth Dist., Div. Three. Nov. 24, 1999.]

JAMES A. BRINTON, Plaintiff and Appellant, v.
BANKERS PENSION SERVICES, INC., Defendant and Respondent.

**COUNSEL**

Oswald & Yap, Michael A. Oswald, S. Ann Salisbury and Niall Sweetnam for Plaintiff and Appellant.

Jones, Bell, Abbott, Fleming & Fitzgerald, G. Thomas Fleming III and Fredrick A. Rafeedie for Defendant and Respondent.

**OPINION**

**RYLAARSDAM, Acting P. J.**—Plaintiff James A. Brinton sued defendant Bankers Pension Services, Inc., seeking damages for fraud, negligent misrepresentation and breach of fiduciary duty arising from his unsuccessful investments in five limited partnerships. The trial court granted defendant's motion for summary judgment, finding plaintiff's claims as to four of the partnerships barred by the doctrine of res judicata, and his claim as to the

fifth partnership barred by his execution of a settlement agreement containing a release of claims clause in another lawsuit. We conclude the record supports the trial court's rulings and affirm the judgment.

## FACTS

Plaintiff established a self-directed individual retirement account with defendant. At the time, Ronald P. Thon was one of defendant's officers and also worked as a broker for Titan/Value Equities Group, Inc., a securities dealership. Between October 1988 and June 1991, plaintiff invested in five limited partnerships. The partnerships subsequently failed, rendering plaintiff's investments worthless.

In 1993, plaintiff filed a statement of claim with the National Association of Securities Dealers, Inc. (NASD) seeking binding arbitration on allegations of fraud, negligent misrepresentation, and breach of fiduciary duty concerning four of the limited partnership investments. The statement named defendant, Thon, and Titan as respondents. The NASD claim alleged, "Thon, acting as agent for [defendant] and Titan, recommended" plaintiff invest in the limited partnership, falsely representing "the investments [were] conservative and suitable for [plaintiff's] stated investment objectives." Plaintiff also asserted, "Thon and respondents failed to disclose numerous material facts regarding each of the investments, which facts if disclosed, would have dissuaded [plaintiff] from making the investments." He invested in the partnerships "based on the recommendation of Thon."

Titan and Thon filed an answer to the NASD claim and agreed to submit the dispute to binding arbitration. Defendant declined to participate in the arbitration because it did not have an arbitration agreement with plaintiff.

A three-person panel heard the matter. In March 1993, the panel issued an award which, "[a]fter considering the pleadings, the testimony and the evidence presented at the hearing," denied all of plaintiff's claims by a two-to-one vote. Thon and Titan petitioned the superior court to confirm the arbitration award and the court granted their request, entering a judgment for them. Plaintiff appealed that judgment, but a division of the Court of Appeal for the Second District affirmed it.

Plaintiff filed this action in June 1995. The complaint alleged, "[d]uring the [parties'] relationship" defendant, "through Ronald Thon . . . promoted a number of investment vehicles," which "Thon, acting as agent for [defendant]," falsely represented as conservative investments. "[I]n reliance upon the recommendation and representations of Thon and [defendant]," plaintiff invested in the partnerships.

In addition, plaintiff participated in a class action against Thon, Titan, and others concerning his failed investment in a limited partnership named Hill Williams Income Fund II. (Tauf v. Hill Williams Development Corp. (Super. Ct. Orange County, No. 705176) (Tauf).) In May 1996, the parties to the Tauf action reached a written settlement of the claims. Their agreement contained a clause which, in part, provided plaintiff "completely release[d] and discharge[d]" the named defendants, including their "principals, agents, heirs, executors, attorneys, affiliates, administrators, predecessors, successors, assigns, representatives, directors, officers, subsidiaries, parents and affiliated corporations and entities," from "all claims, demands, causes of action, suits, debts of any kind or nature . . . that Plaintiffs . . . now have or may ever have against [the named defendants] by reason of any matter or thing arising from, related to, of affiliated with any cause, act, transaction, omission or event whatsoever that occurred prior to the date of this Agreement . . . involving the Hill Williams Entities . . . ."

## DISCUSSION

### Introduction

The trial court may grant a motion for summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) ▆ To prevail on the motion, a defendant must demonstrate plaintiff's cause of action has no merit. This requirement can be satisfied by showing either one or more of its elements cannot be established or that a complete defense exists to it. (Code Civ. Proc., § 437c, subds. (n), (o)(2); *Bardin* v. *Lockheed Aeronautical Systems Co.* (1999) 70 Cal.App.4th 494, 499-500 [82 Cal.Rptr.2d 726].) Once the defendant meets this requirement, the burden shifts to the plaintiff to demonstrate a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (o)(2); *Green* v. *Ralee Engineering Co.* (1998) 19 Cal.4th 66, 72 [78 Cal.Rptr.2d 16, 960 P.2d 1046].)

An appellate court reviews the trial court's decision de novo, independently examining both the evidence and its legal effect. (*Sangster* v. *Paetkau* (1998) 68 Cal.App.4th 151, 163 [80 Cal.Rptr.2d 66]; *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 579 [37 Cal.Rptr.2d 653].)

### The Doctrine of Res Judicata

The trial court found the decision in the arbitration proceeding barred plaintiff's action against defendant concerning the losses he suffered on four

of the limited partnerships. Plaintiff attacks this ruling claiming the record fails to establish the two proceedings involved identical claims, arbitration awards should not be permitted to preclude subsequent legal actions, and defendant's refusal to participate in the arbitration estops it from relying on the prior judgment in this case.

■ The doctrine of res judicata precludes the relitigation of certain matters which have been resolved in a prior proceeding under certain circumstances. (7 Witkin, Cal. Procedure (4th ed. 1997) Judgment, § 280, p. 820.) Its purpose is "to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation." (*Vandenberg* v. *Superior Court* (1999) 21 Cal.4th 815, 829 [88 Cal.Rptr.2d 366, 982 P.2d 229]; see also *Bernhard* v. *Bank of America* (1942) 19 Cal.2d 807, 811 [122 P.2d 892].)

The doctrine has two aspects. It applies to both a previously litigated cause of action, referred to as claim preclusion, and to an issue necessarily decided in a prior action, referred to as issue preclusion. (*Vandenberg* v. *Superior Court, supra,* 21 Cal.4th at p. 828; *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.* (1962) 58 Cal.2d 601, 604 [25 Cal.Rptr. 559, 375 P.2d 439].) The prerequisite elements for applying the doctrine to either an entire cause of action or one or more issues are the same: (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding. (*Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* 58 Cal.2d 601, 604; *Bernhard* v. *Bank of America, supra,* 19 Cal.2d at p. 813.)

■ Plaintiff's contention the preclusive effect of an arbitration award should be limited is partially correct. Recently, in *Vandenberg* v. *Superior Court, supra,* 21 Cal.4th 815, the Supreme Court declared, ". . . the policies underlying the doctrine of collateral estoppel must yield to the contractual basis of private arbitration," and concluded, ". . . a private arbitration award, even if judicially confirmed, can have no collateral estoppel effect in favor of third persons unless the arbitral parties agreed, in the particular case, that such a consequence should apply." (*Id.* at pp. 833-834.) The prior proceeding involved in this case was a contractually authorized arbitration between plaintiff, Thon and Titan. Their arbitration agreement did not provide that a decision issued by the arbitrators would preclude the relitigation of issues in a subsequent proceeding involving another party.

In light of *Vandenberg* and the arbitration agreement's limited scope, the issue preclusion aspect of the res judicata doctrine cannot support the trial

court's decision in this case. However, in a footnote *Vandenberg* stated its "holding is narrowly circumscribed," and "[n]othing" in the decision "imposes or implies any limitations on the strict res judicata, or 'claim preclusive,' effect of a California law private arbitration award. [Citations.]" (*Vandenberg* v. *Superior Court, supra,* 21 Cal.4th at p. 824, fn. 2.)

This leaves the question whether the res judicata doctrine's claim preclusion rule supports the trial court's decision. As *Vandenberg* recognized, a prior judgment confirming an arbitration award may bar a subsequent lawsuit on the same cause of action. (Code Civ. Proc., § 1287.4; *Thibodeau* v. *Crum* (1992) 4 Cal.App.4th 749, 755 [6 Cal.Rptr.2d 27]; *Sartor* v. *Superior Court* (1982) 136 Cal.App.3d 322, 328 [187 Cal.Rptr. 247].)

California employs the primary rights theory to determine if two successive proceedings involve the same cause of action. (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 795 [126 Cal.Rptr. 225, 543 P.2d 593]; *Castro* v. *Higaki* (1994) 31 Cal.App.4th 350, 357 [37 Cal.Rptr.2d 84].) Under the primary rights theory, ". . . the invasion of one primary right gives rise to a single cause of action. [Citations.]" (*Slater* v. *Blackwood, supra,* 15 Cal.3d at p. 795.) " '[A] cause of action consists of 1) a primary right possessed by the plaintiff, 2) a corresponding primary duty devolving upon the defendant, and 3) a delict or wrong done by the defendant which consists in a breach of such primary right and duty. . . .' " (*Acuña* v. *Regents of University of California* (1997) 56 Cal.App.4th 639, 648 [65 Cal.Rptr.2d 388].) The existence of a cause of action "is based upon the harm suffered, as opposed to the particular theory asserted by the litigant." (*Slater* v. *Blackwood, supra,* 15 Cal.3d at p. 795; see also *Castro* v. *Higaki, supra,* 31 Cal.App.4th at p. 357.)

Contrary to plaintiff's assertion, the record clearly establishes his NASD claim and the present lawsuit sought recovery for the same injury. The allegations of wrongful conduct contained in the two pleadings are virtually identical. Both the claim and the complaint alleged plaintiff suffered financial losses because of Thon's purported misrepresentations concerning the character of the investments. Each sought to hold Titan and defendant liable based on the allegation Thon was acting as each entity's agent when he made the purported misrepresentations. Given this similarity in the respective pleadings, both the arbitration and the current lawsuit were based on alleged violations of the same primary right. (*Castro* v. *Higaki, supra,* 31 Cal.App.4th at p. 357; *Thibodeau* v. *Crum, supra,* 4 Cal.App.4th at p. 755.) In addition, the arbitration resulted in a final judgment on the merits against plaintiff.

Defendant was not a party to the arbitration proceeding. But since defendant's liability is merely derivative of Thon's, it is unnecessary for defendant

to have been a party to the prior action to assert a claim preclusion defense in this case. (*Sartor* v. *Superior Court, supra,* 136 Cal.App.3d at pp. 326-328 [confirmed arbitration award finding corporation liable only for defective solar panel gaskets barred subsequent action against corporation's employees alleging fraud and negligence for other alleged construction defects]; *City of Los Angeles* v. *Superior Court* (1978) 85 Cal.App.3d 143, 154-155 [149 Cal.Rptr. 320] [prior judgment in favor of county and city employees in federal civil rights action barred action against both employees and the county and city seeking damages for conversion]; *Loughran* v. *Reynolds* (1945) 70 Cal.App.2d 241, 244-245 [160 P.2d 904] [prior judgment in bankruptcy limiting plaintiff's recovery against corporation barred subsequent action against individual alleged to be corporation's alter ego]; see also *Bernhard* v. *Bank of America, supra,* 19 Cal.2d at pp. 812-813 [recognizing the rule in dictum].)

Under these circumstances, the trial court properly held the doctrine of res judicata barred plaintiff's action against defendant on four of his failed investments.

*The Release*

The fifth limited partnership identified in plaintiff's complaint, Hill Williams, was the subject of the Tauf action in which plaintiff participated. The trial court found defendant to be a third party beneficiary of the release of claims clause contained that action's settlement agreement, thereby barring plaintiff's action against it for losses suffered concerning Hill Williams. Plaintiff challenges this conclusion and argues there is at least a question of fact concerning defendant's status as a third party beneficiary of the Tauf action settlement.

Civil Code section 1559 provides "[a] contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Case law applying this statute has held "[t]he third party need not be identified by name. It is sufficient if the claimant belongs to a class of persons for whose benefit it was made. [Citation.] A third party may qualify as a contract beneficiary where the contracting parties must have intended to benefit that individual, an intent which must appear in the terms of the agreement. [Citation.]" (*Principal Mutual Life Ins. Co.* v. *Vars, Pave, McCord & Freedman* (1998) 65 Cal.App.4th 1469, 1485-1486 [77 Cal.Rptr.2d 479]; see also *Harper* v. *Wausau Ins. Co.* (1997) 56 Cal.App.4th 1079, 1086-1087 [66 Cal.Rptr.2d 64].)

The principles generally applicable to contracts also govern settlement agreements. (*Neverkovec* v. *Fredericks* (1999) 74 Cal.App.4th 337, 348 [87

Cal.Rptr.2d 856]; *General Motors Corp.* v. *Superior Court* (1993) 12 Cal.App.4th 435, 439 [15 Cal.Rptr.2d 622].) A contract must be "interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting" (Civ. Code, § 1636), and where, as here, the contract is in writing, "the intention . . . is to be ascertained from the writing alone, if possible . . . ." (Civ. Code, § 1639.)

 Plaintiff, represented by counsel, agreed to a complete settlement of the Tauf action. At the time of the settlement, plaintiff's current lawsuit against defendant was pending. The settlement agreement was intended to "settle the above-mentioned [litigation], and any and all further disputes, issues, litigation or proceedings between or among [the parties] which arise out of, or may arise out of, concern, or in any way relate to [the litigation], or Plaintiffs' investments in the Hill Williams Entities." The settlement contained a clause which released "any and all claims, demands, causes of action, suits or debts of any kind or nature whatsoever, known or unknown, that [the Tauf plaintiffs] . . . now have or may ever have against the Released Defendants by reason of any matter or thing arising from, related to, or affiliated with any cause, act, transaction, omission or event whatsoever that occurred prior to the date of this Agreement, involving [the litigation], any transaction or investment involving the Hill Williams Entities . . . ." The clause defined the "Released Defendants" to include "those Defendants, parties and entities listed on [an attached exhibit], including each of their principals . . . ."

Several cases have recognized the enforceability of a settlement agreement's release of claims clause. (*General Motors Corp.* v. *Superior Court, supra,* 12 Cal.App.4th at pp. 441-443; *Winet* v. *Price* (1992) 4 Cal.App.4th 1159, 1167-1168 [6 Cal.Rptr.2d 554]; *Edwards* v. *Comstock Insurance Co.* (1988) 205 Cal.App.3d 1164, 1168-1169 [252 Cal.Rptr. 807]; *Eustace* v. *Dechter* (1942) 53 Cal.App.2d 726, 730-731 [128 P.2d 367].) In two of these decisions, the appellate court held an unnamed third party beneficiary could enforce the release. (*General Motors Corp.* v. *Superior Court, supra,* 12 Cal.App.4th at pp. 443-444; *Eustace* v. *Dechter, supra,* 53 Cal.App.2d at p. 735.) "It is not necessary that the contract identify the third party by name as long as such third party can show that it is one of a class of persons for whose benefit it was made. [Citation.] Having found that the subject release agreement does provide for the release of all tortfeasors, including General Motors, it follows that General Motors is among the class of persons for whose benefit the agreement was made and has standing to raise it as a bar to the present action." (*General Motors Corp.* v. *Superior Court, supra,* 12 Cal.App.4th at p. 444; cf. *Neverkovec* v. *Fredericks, supra,* 74 Cal.App.4th at pp. 352-355.)

The present settlement agreement's language is very broad and comprehensive in scope. It covered all present and future litigation concerning Hill Williams. The suggestion that the settlement was only intended to release Titan and its employees is undermined by the fact both Titan and Thon were named defendants in the Tauf action. Such an interpretation would render the reference to principals and others mere surplusage and violate the principle that, where possible, the entire contract should be given effect. (Civ. Code, § 1641.)

Plaintiff contends his declaration and another one signed by the attorney representing him in the Tauf action, which he unsuccessfully attempted to submit in opposition to the summary judgment motion, create a triable issue of fact on whether the settlement's release clause covered defendant. Plaintiff's declaration states he "believed and intended that any settlements in Tauf would not encompass defendant . . . ." His attorney asserted, "[t]he attorneys for the Tauf plaintiffs intended that the settlement agreement would release from liability Titan and individual Titan employees and representatives . . . . [Defendant] was never discussed . . . ."

The trial court properly found this evidence inadmissible. The Tauf action settlement contained a clause declaring it to be "the entire agreement between the parties . . . ." A written contract's terms cannot be "explained or supplemented by evidence of consistent additional terms" if "the writing is intended . . . as a complete and exclusive statement of the terms of the agreement." (Code Civ. Proc., § 1856, subd. (b).)

Furthermore, even without this clause, the proffered declarations do not create a triable issue of fact. ■ Extrinsic evidence is admissible to explain the meaning of a contract only where it is relevant to prove a meaning to which the language of the instrument is reasonably susceptible. (*Pacific Gas & E. Co.* v. *G. W. Thomas Drayage etc. Co.* (1968) 69 Cal.2d 33, 37 [69 Cal.Rptr. 561, 442 P.2d 641, 40 A.L.R.3d 1373].) The law imputes to a person an intention which corresponds to the reasonable meaning of his or her words and acts. Thus, where a person's words or acts, judged by a reasonable standard, manifest an intent to agree to a certain matter, that agreement is established, regardless of what may have been the person's real but unexpressed state of mind on the subject. (*Winet* v. *Price, supra,* 4 Cal.App.4th at p. 1172; *Edwards* v. *Comstock Insurance Co., supra,* 205 Cal.App.3d at p. 1169; *Crow* v. *P.E.G. Construction Co., Inc.* (1957) 156 Cal.App.2d 271, 278-279 [319 P.2d 47].) Plaintiff's undisclosed intent concerning his claim against defendant is simply inadmissible to contradict the comprehensive and broad language of the settlement agreement's release

of claims clause. (*Winet* v. *Price, supra,* 4 Cal.App.4th at p. 1167; *Edwards* v. *Comstock Insurance Co., supra,* 205 Cal.App.3d at p. 1169.)

This case is distinguishable from *Appleton* v. *Waessil* (1994) 27 Cal.App.4th 551 [32 Cal.Rptr.2d 676], upon which plaintiff relies. *Appleton* involved a standard preprinted form which contained boilerplate language releasing "all other persons," and there was evidence the plaintiff's attorney told the two parties explicitly named in the settlement that he did not intend to release the third unnamed defendant. (*Id.* at pp. 554, 555, 557-558.) The trial court properly found the release contained in the Tauf action settlement agreement bars plaintiff's current claim concerning the Hill Williams investment.

### DISPOSITION

The parties' requests for judicial notice are granted. The judgment is affirmed. Respondent shall recover its costs on appeal.

Bedsworth, J., and Seymour, J.,* concurred.

---

*Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6, of the California Constitution.