Filed 5/27/26  Tomczik v. Lujano CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MEL TOMCZIK,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>SYLVIA LUJANO,<br><br>  Defendant and Respondent. | D086335<br><br>(Super. Ct. No. SICVCV-2023-69698) |

APPEALS from a judgment and a postjudgment order of the Superior Court of Inyo County, Susanne M. Rizo, Judge, and Scott W. Souers, Judge. (Judge of the Alpine Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Law Offices of Brian Lamb and Brian Lamb, for Plaintiff and Appellant.

California Indian Legal Services, Erin Rubin, and Michael Godbe, for Defendant and Respondent.

Mel Tomczik appeals a summary judgment and an order awarding attorney fees against him.  The judgment and order are based on the release and attorney fee provisions of a stipulated settlement between Tomczik and Sylvia Lujano in a prior action and on principles of res judicata.  Tomczik

contends the judgment must be reversed because there are triable issues of fact on whether the stipulated settlement was induced by fraud, whether it covers the claims in the current action, and whether he had a full and fair opportunity to litigate those claims in the prior action. He also contends reversal of the judgment requires reversal of the order awarding attorney fees. We disagree and affirm the challenged judgment and postjudgment order.

I.

A.

Tomczik owns a house he leased to Lujano. After she failed to pay rent for several months, he served her with a three-day notice to pay rent or to quit the house. Lujano did neither.

Tomczik filed a complaint against Lujano for unlawful detainer by which he sought possession of the house and past-due rent. In her answer, Lujano denied Tomczik's allegations and alleged he failed to remedy multiple defects in the house.

The parties resolved the unlawful detainer action by a signed written Stipulation. Lujano agreed to vacate the house by a certain date and time; and if she did so, Tomczik agreed to dismiss the action with prejudice.

The Stipulation contained the following provisions:

> 5. The [p]arties hereby mutually waive any and all claims, defenses, or otherwise, they may have in this action, and to any action related to occupancy of the [p]remises, including contesting this Stipulation, [j]udgment, or any other action and proceedings related to occupancy of the [p]remises. The above specifically includes any claims by [Tomczik] to unpaid rent.

> 6. Except for the obligations of the [p]arties described in this [Stipulation], [Tomczik] on one side and [Lujano] on the other side, for themselves . . . do hereby remise, release, acquit

2

and forever discharge each other . . . from any and all claims, demands, agreements, contracts, covenants, torts, actions, causes of action, obligations, debts, costs, expenses, accounts, damages, losses and liabilities of whatever kind or nature, past, present or future, known or unknown, which the [p]arties now have or may hereafter accrue on account of or by reason of any matter, cause or thing whatsoever related to this lawsuit, prior lawsuits, and [Lujano's] occupancy of the [p]remises, without limitation. However, this release is not intended to and shall not be construed as a release of the rights, obligations, or duties of the [p]arties arising out of this Stipulation.

The Stipulation also provided: "The prevailing party on any action or motion related to this Stipulation, including on any action filed covered by the [p]arties' mutual waiver of claims herein, shall be entitled to recover reasonable attorney's fees in addition to any other relief to which the party may be entitled."

In negotiating the Stipulation, Tomczik and Lujano were represented by counsel. Both acknowledged they "had the opportunity to seek the advice of legal counsel as to their legal rights," read and understood the Stipulation, and entered into it "freely and voluntarily without duress."

After Lujano vacated the house, Tomczik dismissed the unlawful detainer action with prejudice.

B.

In a separate civil action, Tomczik filed an amended complaint against Lujano for breach of contract and waste. He alleged she breached the lease by failing to repair damage to the house she caused, by making alterations to the house without his consent, by denying him access to the house, and by keeping pets in the house. Tomczik also alleged Lujano committed "[w]aste of the rental [p]remises" by failing "to preserve and protect the [p]remises

3

from injury or damage." He sought $22,198 in damages and $15,000 in attorney fees.

After filing an answer asserting affirmative defenses that Tomczik's claims were barred by the Stipulation and by res judicata, Lujano filed a motion for summary judgment based on those defenses. She argued the Stipulation contained a waiver and release of all claims related to her tenancy, which barred Tomczik's claims for breach of contract and waste; and, under the doctrine of res judicata, the stipulated resolution of the unlawful detainer action precluded litigation of those claims. In support of the motion, Lujano submitted declarations from herself and her counsel and copies of the lease, pleadings from the unlawful detainer action, the Stipulation, and the dismissal with prejudice.

Tomczik opposed the summary judgment motion. He argued the waiver and release provisions of the Stipulation did not cover his claims because when he signed the Stipulation he neither knew nor suspected he had a substantial claim against Lujano for "basically trashing" his house and removing or replacing appliances and because the provisions "did not conform to the specific requirements of Civil Code section 1542." He also argued his claim for waste was "not subject to mandatory joinder with his action for unlawful detainer" because he was unaware of the claim until after Lujano moved out of the house. The opposition papers included a declaration of Tomczik, who stated his counsel showed him the Stipulation; he acknowledged it "contained language pertaining to a release of liability"; but he "did not know, and was not made aware otherwise, that the language . . . would have the effect of waiving or giving up any claims [he] did not know about, or suspect, with respect to the condition of the [house]." Tomczik went on to describe what he considered "waste," including removal

4

of the kitchen stove, replacement of the washer and dryer with appliances of inferior quality, and defacement and damage to flooring, walls, and bathroom plumbing. He also attached photographs showing the waste.

The trial court held a hearing after which it issued a written order granting the motion for summary judgment. The court ruled the waiver and release provisions of the Stipulation and the dismissal with prejudice of the unlawful detainer action barred Tomczik's claims. A separate judgment followed.

Lujano filed a motion for an award of $27,809.50 in attorney fees under the fee provision of the Stipulation. Tomczik did not oppose the motion, which the trial court granted.

## II.

Tomczik contends the trial court erroneously granted Lujano's motion for summary judgment. He argues there are triable issues of fact as to whether her intentional obstruction of inspection of the house and deliberate concealment of damage invalidates the waiver and release provisions of the Stipulation and whether he intended to waive or release unknown claims. Tomczik argues the dismissal with prejudice of the earlier action does not bar his claims for breach of contract and waste in the later action under principles of res judicata because Lujano's concealment prevented him from discovering and litigating those claims in the earlier action. Tomczik also contends the order awarding attorney fees cannot stand because it is based on the erroneous summary judgment. He asks us to reverse the judgment and the order.

## A.

We review the trial court's ruling on the summary judgment motion de novo. (*Gonzalez v. Mathis* (2021) 12 Cal.5th 29, 39.) A defendant's motion for

5

summary judgment is properly granted if the papers submitted show there is no triable issue of material fact on the plaintiff's claim and the defendant is entitled to judgment as a matter of law.  (Code Civ. Proc., § 437c, subds. (a)(1), (c).)  The defendant may satisfy its initial burden by submitting evidence showing the defendant has a complete defense thereto.  (*Id.*, subd. (p)(2).)  If the defendant does so, the burden shifts to the plaintiff to submit evidence raising a triable issue of material fact on the asserted defense.  (*Ibid.*)  In reviewing the ruling on the motion, we consider all the evidence in the moving and opposing papers (except that to which objections were properly sustained) and all the reasonable inferences therefrom, and we view the evidence in the light most favorable to the plaintiff.  (*Id.*, subd. (c); *McCurry v. Singh* (2024) 104 Cal.App.5th 1170, 1175.)  We affirm the summary judgment if it is correct on any ground asserted in the motion.  (*Harding v. Lifetime Financial, Inc.* (2025) 109 Cal.App.5th 753, 760.)

1.

One defense Lujano asserted as a basis for summary judgment was that Tomczik waived or released his claims by the terms of the Stipulation that resolved the unlawful detainer action.  "An obligation is extinguished by a release therefrom given to the debtor or the released party by the creditor or releasing party, upon a new consideration, or in writing, with or without new consideration."  (Civ. Code, § 1541.)  By the Stipulation, the parties "mutually waive[d] *any and all claims*, defenses, or otherwise, they may have in this action, and to any action *related to occupancy of the* [*house*]."  (Italics added.)  They also "release[d] . . . and forever discharge[d] each other . . . from *any and all claims* . . . of whatever kind or nature, past, present or future, *known or unknown*, which the [p]arties now have or may hereafter accrue on account of or by reason of any matter, cause or thing whatsoever *related*

6

*to . . .* [*Lujano's*] *occupancy of the* [*house*]." The quoted provisions include Tomczik's claims that Lujano breached the lease by failing to repair damage she caused to the house, by making alterations to the house without his consent, by denying him access to the house, and by keeping pets in the house, and that she committed waste by failing "to preserve and protect the [house] from injury or damage." Such claims are "related to" Lujano's "occupancy of the [house]" and were expressly "waive[d]" and "release[d]" by the Stipulation Tomczik signed. Since "[a] written release generally extinguishes any obligation covered by its terms" (*Tarpy v. County of San Diego* (2003) 110 Cal.App.4th 267, 276), Lujano satisfied her burden to show "a complete defense to the cause[s] of action" (Code Civ. Proc., § 437c, subd. (p)(2)).

2.

Tomczik tries to show there are triable issues of fact as to both the enforceability of the waiver and release provision of the Stipulation (i.e., whether the provisions were procured by fraudulent concealment) and their scope (i.e., whether they cover unknown claims absent a waiver of Civil Code section 1542). He fails on both issues.

Tomczik forfeited his challenge to the enforceability of the Stipulation by not asserting it in the trial court. The only argument he made in opposition to Lujano's summary judgment motion was that his claims for breach of contract and waste were not barred by the waiver and release provisions of the Stipulation or by res judicata because he was unaware of the claims when he signed the Stipulation. The only authority Tomczik cited in support of his argument was Civil Code section 1542. His opposition memorandum contained no mention of fraudulent concealment and no citation of authorities on that topic. We reject Tomczik's assertion he put the

7

issue of inducement through concealment squarely before the trial court by alleging in the complaint that Lujano breached the lease by denying him access to the house and by stating in his declaration that when he signed the Stipulation he did not know he had a substantial claim for waste against her for damage to the house. "This is not the stuff of which a fraud claim is made." (*Goldrich v. Natural Y Surgical Specialties, Inc.* (1994) 25 Cal.App.4th 772, 782.) Tomczik may not seek reversal of the summary judgment based on a fraudulent concealment theory he did not present to the trial court. (*Kime v. Dignity Health, Inc.* (2024) 101 Cal.App.5th 708, 721.) Were this "permitted procedure, parties opposing and losing summary judgment motions could attempt to embed grounds for reversal on appeal into every case by their silence." (*Saville v. Sierra College* (2005) 133 Cal.App.4th 857, 873.)

Tomczik's argument based on Civil Code section 1542, though preserved for appeal, fails on the merits. Under the statute, "[a] general release does not extend to claims that the . . . releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the . . . released party." (*Ibid.*) Section 1542 does not apply to the Stipulation because it is not a "general release." "If there be any distinction between a 'general release' and a special release, this was not a 'general release' since it was restricted specifically to those actions or claims rooted in [Lujano's occupancy of the house]." (*Larsen v. Johannes* (1970) 7 Cal.App.3d 491, 504; see *Eustace v. Dechter* (1942) 53 Cal.App.2d 726, 735 [release "particularly drawn to cover 'any claim of any kind whatsoever arising out of said bankruptcy proceedings'" was not "general release" under Civ. Code, § 1542, italics omitted].)

8

Even if Civil Code section 1542 applied to the Stipulation, we would reject Tomczik's argument that the absence of an explicit waiver of the statute's protections creates a triable issue of fact as to whether the parties intended to release unknown claims. "Nothing in that statute requires that it be designated in the release or that a party specifically waive its provisions." (*Perez v. Uline, Inc.* (2007) 157 Cal.App.4th 953, 959.) It might have been more comprehensive to refer to Civil Code section 1542 in the release, but to be effective a release need not do so. (*Ibid.*) A provision of an agreement releasing unknown claims is effective if it is clear, explicit, and comprehensible and clearly notifies the prospective releasor of the effect of signing the agreement. (*Ibid.*) The Stipulation satisfied those requirements by stating that the parties "*release*[d] . . . each other . . . from *any and all claims*, . . . *known or unknown*," that were "related to . . . [Lujano's] occupancy of the [house]." (Italics added.) The parties were represented by counsel and acknowledged in the Stipulation that they had the opportunity to seek the advice of counsel and that they read and understood the Stipulation. Where, as here, the releasor was represented by counsel in negotiating a release that covered unknown claims, we "may not give credence to a claim that [the releasor] did not intend clear and direct language to be effective." (*Winet v. Price* (1992) 4 Cal.App.4th 1159, 1168.)

The three cases Tomczik cites do not persuade us that there is a triable issue of material fact as to the parties' intent to release unknown claims.

*Casey v. Proctor* (1963) 59 Cal.2d 97, involved a release of all claims for "'any and all known and unknown bodily injuries'" arising out of an automobile accident. (*Id.* at p. 101.) *Casey* held that under Civil Code section 1542, the release did not cover claims for personal injuries that had not yet manifested themselves without evidence apart from the language of

9

the release that the parties intended to release such claims. (*Casey*, at pp. 109–110.) The court explained that several "considerations warrant special treatment of releases for personal injuries": (1) the releasor "is left to suffer personal injuries without compensation, while the releasee, who usually is an insurer, has received a windfall in avoiding liability for a risk it has been paid to assume"; (2) "the long-term effects of damage to human tissue are extremely difficult to anticipate and the opportunity for error is great"; and (3) "usually the release is a prepared form drafted by experts and presented in a take it or leave it manner, while the releasor is ordinarily an individual without any knowledge of legal documents or assistance from legal counsel." (*Id.* at pp. 111–112.) This case does not involve personal injuries; Lujano will not receive a windfall for a risk she was paid to assume; and the release was negotiated by parties represented by counsel. Absent the considerations that warrant special treatment of releases for personal injuries, courts have held the *Casey* rule does not apply, and no evidence in addition to the language of the release is needed to show the parties intended to release unknown claims. (*Winet,* 4 Cal.App.4th at pp. 1170–1171; *Larsen,* 7 Cal.App.3d at pp. 504–505.)

*Grebe v. McDaniel* (1968) 265 Cal.App.2d 901, 902 also involved a release of claims for all known and unknown injuries resulting from an automobile accident. *Grebe* cited *Casey* for the rule that the "[m]ere recital of the release that it covers unknown claims or that [Civil Code] section 1542 is waived does not, of itself, bar assertion that bodily injuries were unknown." (*Grebe*, at p. 903.) But it held the rule did not apply and affirmed the summary judgment against a plaintiff who knew the general nature and location of her injury and its continuing effects when she signed the release.

10

(*Id.* at p. 904.) *Grebe* does nothing to advance Tomczik's argument that there is a triable issue of fact on whether he intended to release unknown claims.

*Leaf v. City of San Mateo* (1980) 104 Cal.App.3d 398 is also not on point. *Leaf* held the plaintiffs' release of "named defendants in [a prior action] 'and all others' from all claims arising out of the subsidence damage occurring in July 1972" extended only to other persons connected with the transaction and could not "be interpreted to operate as to a separate and distinct cause of action against a successive, independent wrongdoer." (*Id.* at p. 410.) The situation in this case is nothing like that in *Leaf*. Lujano was a named party to the release included in the Stipulation that resolved the prior unlawful detainer action. She is not "a successive, independent wrongdoer" (*ibid.*) in the later civil action for breach of contract and waste. Both actions are based on her tenancy. The interpretive rule of *Leaf* does not apply to this case. *Leaf* cited *Casey* and *Grebe* for the rule that the mere recital in a release that it "covers unknown claims or unknown parties is not controlling. Whether the releaser intended to discharge such claims or parties is ultimately a question of fact." (*Leaf*, at p. 411.) That statement was dictum and is inconsistent with cases that have limited the *Casey* rule to releases of unknown personal injury claims (*Winet,* 4 Cal.App.4th at pp. 1170–1171; *Larsen,* 7 Cal.App.3d at pp. 504–505). *Leaf* does not support reversal here.

Finally, Tomczik complains the trial court improperly evaluated his credibility and dismissed his declaration and attached photographs of damage to the house as insufficient to create a triable issue of fact. His description and photographs of the damage are irrelevant to the defense of waiver and release Lujano asserted in her motion for summary judgment. His statement he did not know the Stipulation "would have the effect of waiving or giving up any claims [he] did not know about, or suspect, with

11

respect to the condition of the [house]" does not create a triable issue of fact on the scope of the release. "[P]arol evidence is admissible only to prove a meaning to which the language is 'reasonably susceptible,'" "not to flatly contradict the express terms of the [Stipulation]." (*Winet,* 4 Cal.App.4th at p. 1167.) Tomczik's "evidence violates this tenet, because it seeks to prove that a release of unknown or unsuspected claims was *not* intended to include unknown or unsuspected claims. If an argument such as this were given currency, a release could never effectively encompass unknown claims. A releasor would simply argue that a release of unknown or unsuspected claims applied only to known or suspected claims, making it ineffective as to unknown or unsuspected claims." (*Ibid.*)

Tomczik did not meet his burden to raise a triable issue of material fact as to whether the claims in the current action are covered by the waiver and release provisions of the Stipulation. The trial court correctly granted Lujano's motion for summary judgment based on those provisions. Given this conclusion, we do not need to resolve whether the claims are barred by res judicata.

B.

Tomczik attacks the order awarding Lujano attorney fees on the sole ground that such an award "cannot stand where the judgment on which it is based is reversed." An award of attorney fees falls with the reversal of the related judgment. (*Bevis v. Terrace View Partners, LP* (2019) 33 Cal.App.5th 230, 263.) Since we are affirming the summary judgment, the order awarding attorney fees stands.

12

III.

We affirm the judgment and the postjudgment order awarding attorney fees.  Lujano is entitled to costs on appeal.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.